UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA URENA,

      Plaintiff,

-against-

NANCY A. BERRYHILL,
Acting as Commissioner of Social Security,

      Defendant.

14-cv-4841 (NSR)(LMS)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

  Plaintiff Maria Urena ("Plaintiff") commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's applications for Social Security disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This case was referred to Magistrate Judge Lisa M. Smith ("MJ Smith"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Defendant's motion for judgement on the pleadings. Now before the Court is MJ Smith's R & R, recommending that Defendant's motion be denied and the matter remanded for further administrative proceedings. (*See* Docket No. 25.) For the following reasons, the Court adopts MJ Smith's R & R in its entirety, and Defendant's Motion for Judgment on the Pleadings is DENIED and the matter is remanded for further proceedings.

## BACKGROUND

  The following facts are summarized and taken from the administrative record and the parties' submissions. In August 2009, Plaintiff received a letter (the "August Letter") from the Social Security Administration ("SSA") informing her that she had been overpaid $3,732.44 in

1

benefits. AR61. On August 21, 2009, Plaintiff, while represented by Manhattan Legal Services ("MLS") wrote the SSA to request an appeal of the alleged overpayment, informing that she never received a notice from the agency explaining the basis for the alleged overpayment, requested a detailed breakdown of the alleged overpayment, and requested that the agency waive its right to recoup any past overpayment. AR 66.

In November 2009, the SSA prepared and purportedly forwarded a Notice of Overpayment (the "Notice") to Plaintiff wherein they indicate that the agency made two overpayments from March 2001 through February 2002, and in June 2008 through July 2008. The initial overpayment was due to monthly benefits erroneously given to Plaintiff during the 2001 calendar year when she reported self-employment income in excess of $7,000.00. AR-67. The second overpayment occurred when the SSA determined Plaintiff was no longer eligible to receive SSI as of June 2008 but continued to send benefit payments for two months. *Id.*

Following Plaintiff's request, a hearing was held on March 9, 2012 wherein the Administrative Law Judge ("ALJ") found that the Plainitff (1) had been ineligible for SSI from June 2008 through the date of the decision, (2) was overpaid benefit totaling $3,732.44, and (3) the recovery of which should not be waived. Plainitff appealed to the Appeals Council, who denied her request for review on April 10, 2014. Plaintiff then filed this action *pro se* on June 18, 2014.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take

3

a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Defendant did not timely object to the R & R. Thus, the Court reviews the R & R for clear error. In denying Defendant's motion, MJ Smith determined, *inter alia*, that substantial evidence supports the Commissioner's finding that Plaintiff became ineligible for SSI benefits in June 2008, and remained ineligible through the date of the decision. Further, the ALJ's determination that Plaintiff's testimony lacked credibility is entitled to deference. Plaintiff has not satisfied her burden of demonstrating that her resources fell below the statutory ceiling which is required to maintain SSI eligibility. Further, the ALJ's finding that the Plainitff had more than $2,000 in resources in June of 2008, and continued to possess resources in excess of the statutory ceiling through the date of decision is entitled to deference. The ALJ's determinations that Plaintiff was not without fault for causing or accepting the overpayments, and that Plaintiff did not meet her burden of establishing otherwise, is given great deference. However, Defendant did not carry its burden in demonstrating that Plainitff had been overpaid in an amount totaling $3,732.44. The amount is conclusory without any analysis as to how the amount was arrived at, or indication that the payments were actually received. The Commissioner's assertion that it had overpaid Plaintiff over certain periods of time, without more, does not withstand the substantial evidence standard of review. This Court agrees. Having found no clear error, Defendant's motion must be denied.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Smith's R & R in its entirety. Defendant's Motion for Judgment on the Pleadings is DENIED, the Commissioner's decision is reversed in part, and the matter is remanded to the Social Security Administration for further

proceedings consistent with the R & R. On remand, the Agency must demonstrate that the Plainitff was overpaid and the amount of those overpayments that Plainitff actually received during the periods alleged. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16, to remand the matter for further proceedings, to mail a copy of this Opinion to Plaintiff and to show proof of service on the docket.

Dated: September 20, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMAN